In re MARBLE PRODUCTS CO., Inc.

(District Court, E. D New York. October 2, 1912.)

1. BANKRUPTCY (§ 482*)—SERVICES OF ATTORNEYS BEFORE BANKRUPTCY—CLAIM.

Services of attorneys rendered to voluntary trustees, acting for creditors during an unsuccessful attempt to administer the assets without resort to bankruptcy proceedings, and giving rise to no liens on the assets subsequently surrendered to a trustee in bankruptcy, could not be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

regarded as services rendered to the bankrupt before the filing of the petition, nor to the bankrupt estate thereafter, under Bankruptcy Act July 1, 1898, c. 541, §§ 60d, 63b, 30 Stat. 562, 563 (U. S. Comp. St. 1901, pp. 3446, 3447), and could not, therefore, be compensated for as claims against the estate in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

2. BANKRUPTCY (§ 482*)—PROPERTY OF BANKRUPT—SURRENDER—VOLUNTARY TRUSTEES.

Where the property of a bankrupt was turned over to voluntary trustees as agents for creditors in an attempt to administer the assets without resort to bankruptcy proceedings, such trustees, in accounting to the trustee in bankruptcy, were entitled to have their attorney's fees allowed, if proper in amount.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Marble Products Company, Inc. On application for payment of counsel fees to certain attorneys rendered to voluntary trustees representing creditors before bankruptcy. Denied.

Lewkowitz & Schaap, of New York City, for petitioners.
Thompson & Ballantine, of New York City, for trustee.

CHATFIELD, District Judge. Application has been made for the payment of counsel fees to certain attorneys for services rendered to one Cohen and one Pisani prior to bankruptcy, and while the said Cohen and Pisani were acting as voluntary trustees; that is, as agents for the creditors of the bankrupt, in an attempt to administer the assets and straighten out the affairs of the Marble Products Company without the necessity of a trustee in bankruptcy.

Certain assets in the possession of Cohen and Pisani were transferred to the trustee in bankruptcy, under an order which provided that a certain lien claimed by the present petitioners, for services as attorneys, be transferred to the proceeds of the sale, and that the extent and validity of the lien be fixed by this court upon application. The present motion is an attempt to fix the existence and validity of this so-called lien, and to obtain compensation for the services which the alleged lien was said to cover.

[1] It is apparent, in the first place, that the assets transferred to the trustee in bankruptcy were not in the possession of the attorneys who make the present application, and that therefore no lien attached and no claim existed which could be urged by them as a set-off. Nor have the present petitioners shown any other ground upon which they have any secured claim to the assets so transferred. The services which they rendered were to the so-called trustees, and a personal obligation existed on the part of those trustees for the work done by the attorneys whom they employed. This claim has no standing in bankruptcy, except as it may be based upon the title or possession of the so-called trustees to certain property which later became the bankrupt estate. Such

a claim cannot be asserted in bankruptcy directly by the attorneys; that is, by the present petitioners. Nor can the attorneys apply for an allowance under section 60d or section 63b of the Bankruptcy Law. The services rendered by them were not to the bankrupt before the filing of the petition, nor to the bankrupt estate since the petition was filed.

[2] But, by analogy, these attorneys would seem to be entitled to compensation for services to those individuals who were placed in charge of what later became a bankrupt estate, and previous payment for such services by the so-called trustees would be allowed in the accounting by those trustees, if proper in amount. In this way, if the trustees had not yet paid for these services when the assets were turned over, and if the assets were turned over subject to the right of these trustees to deduct their proper expenses therefrom before delivery to the trustee in bankruptcy, then, upon application by the so-called trustees, the amount of their attorneys' services should be allowed them.

The motion in its present form, therefore, must be denied, but Messrs. Cohen and Pisani, the so-called trustees, may apply, upon proper petition, for an approval of a reasonable expenditure for attorneys' services for the matters in question, to have this expenditure allowed them, and to have the same paid from the property turned over by them, if no other questions have arisen upon their accounting interfering with that result.

The application of the said Cohen and Pisani, when so made, will be referred to the referee as special commissioner to report upon these questions, in connection with whatever answer the trustee in bankruptcy may interpose thereto.